UNITED STATES of America, Appellee,

v.

Robert JOHNSON and Charles Pheribo, Defendants-Appellants.

No. 389, Docket 28633.

United States Court of Appeals Second Circuit.

Argued March 19, 1964.

Decided April 24, 1964.

---

* Of the Ninth Circuit, sitting by designation.

David M. Dorsen, Asst. U. S. Atty., for Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., and Peter H. Morrison, Asst. U. S. Atty., on the brief), for appellee.

Joseph I. Stone of Stone & Diller, New York City, for defendant-appellant Robert Johnson.

H. Elliot Wales, New York City, for defendant-appellant Charles Pheribo.

Before LUMBARD, Chief Judge, and FRIENDLY and HAYS, Circuit Judges.

PER CURIAM.

In these appeals from judgments of conviction for the theft of chattels moving in interstate commerce, 18 U.S.C. § 659 (1958), appellants raise, in addition to the usual challenge to the sufficiency of the evidence, a number of specific claims of error: (1) denial of Pheribo's request for a free transcript of the minutes of the first trial, which ended in a mistrial, for use at the second trial, (2) denial of Pheribo's application for an order directing the Government to furnish him with exculpatory statements that might be in its possession, (3) a supplemental instruction to the jury, (4) Johnson's allegedly unlawful arrest, and (5) certain allegedly improper statements in the Government's summation.

■■ The record does not indicate that Pheribo, whose counsel had taken extensive notes during the first trial, was prejudiced by not having the requested transcript or that any exculpatory statements were withheld by the Government. We find no error in the supplemental instruction nor anything in the record that would cast doubt on the legality of Johnson's arrest.

■ No objection was taken to the Government's summation nor were any protective instructions sought. Although the prosecutor's statement that he "vouched for" the credibility of certain government witnesses was improper, cf. ABA Canon of Professional Ethics #15 (1963), it was not, at least absent objection, reversible error. Lawn v. United States, 355 U.S. 339, 359-360 n. 15, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958).

■ As we find that the evidence was sufficient to sustain the convictions and that the specific points raised are without merit, we affirm the judgments of conviction.