UNITED STATES of America, Appellee,

v.

Charles S. PHERIBO, Petitioner-Appellant.

No. 425, Docket 29474.

United States Court of Appeals Second Circuit.

Submitted May 24, 1965.

Decided June 9, 1965.

Charles S. Pheribo, pro se.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, Robert J. McGuire, John S. Martin, Jr., Asst. U. S. Attys., for appellee.

Before LUMBARD, Chief Judge, and SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

Charles S. Pheribo and five accomplices were indicted for stealing and conspiring to steal merchandise from a truck traveling in interstate commerce, in violation of 18 U.S.C. § 659. Four of the defendants entered guilty pleas to one or more of the indictment's four counts, but Pheribo and another defendant, William Johnson, elected to stand trial. Based largely on the incriminating testimony of two accomplices, James Williams and James Lovejoy, the jury found Pheribo guilty of the three substantive counts, but returned a verdict of acquittal on the conspiracy count.[1] The conviction was affirmed by this Court, United States v. Johnson, 331 F.2d 281, and the Supreme Court denied certiorari, 379 U.S. 905, 85 S.Ct. 196, 13 L.Ed.2d 178 (1964). Pheribo then brought this § 2255 proceeding to vacate and set aside the judgment of conviction and sentence, contending that the trial was vitiated by the Government's knowing use of the allegedly perjured testimony of co-defendant Lovejoy, who purportedly lied in denying that he had been promised leniency for testifying. After studying the full record, but without holding an evidentiary hearing, the District Court denied the requested relief.

The very papers submitted by Pheribo clearly indicate that Lovejoy was thoroughly cross-examined at the trial, and his possible bias, prejudice or motive for testifying—stemming from expectations of leniency in sentencing—was fully brought home to the jurors. The credibility question thus amply presented must have been resolved adversely to Pheribo and may not, without more, be reopened on this motion.

In any event, and even were we permitted to review that question, our careful reading of the record has uncovered not a scintilla of evidence that the Government promised Lovejoy a more lenient sentence for testifying at Pheribo's trial. Cf. Napue v. People of State of Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L. Ed.2d 1217 (1959). On the contrary, the prosecutor told Lovejoy that "the Government at no time makes any promise concerning sentence if a defendant does cooperate with the government." This statement, taken from the minutes of Lovejoy's sentencing, was properly considered by the District Court in passing

---

1. Co-defendant Johnson was found guilty on all four counts. Both were sentenced to five years' imprisonment on each count, less time already served, the sentences to run concurrently.

on this motion, for those minutes are part of the "files and records" of the case against Pheribo and his five accomplices, including Lovejoy. A formal hearing was totally unnecessary. Sanders v. United States, 371 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

Affirmed.