PER CURIAM.
Rogers Rudolph Brooks appeals denial of post-conviction relief without a hearing.
Defendant-Brooks and Sie Jenkins, Jr., were tried jointly for conspiracy, breaking and entering and possession of burglary tools. Defendant-Jenkins appealed his conviction, and the matter is now before this court. Defendant-Brooks did not appeal.
Defendant-Brooks sets forth in his petition certain facts to the effect that at the trial the prosecutor knowingly used perjured testimony of witness, Willie Barnes, which, if true, would entitle him to a new trial.
The transcript of testimony of the trial of the two defendants is on file in this court in connection with the appeal of Jenkins. By referring to said transcript it is determined that the question of the perjury alleged to have been committed by witness, Barnes, and the knowledge of the prosecutor of such facts was brought to the court’s attention by the defendant’s counsel, was thoroughly and exhaustively considered by the court and determined by the court to be without merit.
Where defendant has objected to the alleged use of perjured testimony by the prosecutor and has been afforded full opportunity to explore the matter at trial, a conviction will not collaterally be set aside under Rule One Post-Conviction Procedures, F.S.A. ch. 924 Appendix. See United States v. Pheribo, 2d Cir. 1965, 346 F.2d 559; United States v. Abbinanti, 2d Cir. 1964, 338 F.2d 331. Matters determined by the court during the course of the trial as to the sufficiency of the evidence can only be raised on direct appeal. Austin v. State, Fla.App.1964, 160 So.2d 730.
Defendant also alleges the publicity prior to and during the trial deprived him of the judicial serenity and calm to which he was entitled. The record does not reveal facts and circumstances sufficient to bring this case within the rule of Estes v. State of Texas, 1965, 381 U.S. 532, 85 S.Ct. 1628, *884 14 L.Ed.2d 543, or Sheppard v. Maxwell, 1966, 86 S.Ct. 1507.
Accordingly, the order denying post-conviction relief is affirmed.
SMITH, C. J., and ANDREWS and WALDEN, JJ., concur.