**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Paul REPETTI, Defendant-Appellant.**

**No. 311, Docket 29631.**

United States Court of Appeals
Second Circuit.

Argued April 5, 1966.

Decided July 25, 1966.

Jack Kaplan, Asst. U. S. Atty. for Southern Dist. of New York (Robert M. Morgenthau, U. S. Atty., Pierre N. Leval, Asst. U. S. Atty., on the brief), for appellee.

Jon H. Hammer, New York City, for appellant.

Before SMITH and HAYS, Circuit Judges, and CLARIE, District Judge.*

HAYS, Circuit Judge:

After a trial by the court sitting without a jury appellant was convicted of violation of 21 U.S.C. §§ 173, 174.[1] He appeals, claiming violation of his constitutional rights in several respects. We find no such violation and therefore affirm the conviction.

Appellant was arrested as the result of information given to agents of the Federal Bureau of Narcotics by a "special employee," i. e., an informant. At the time of his arrest he was searched and heroin was found on his person.

At the trial after the presentation of evidence for both sides had been concluded, appellant's counsel called upon the government to produce the informant. Appellant cites the court's refusal to grant this application as a denial of the

---

* Of the District Court for Connecticut, sitting by designation.

1. § 173. Importation of narcotic drugs prohibited; exceptions; crude opium for manufacture of heroin; forfeitures.

It is unlawful to import or bring any narcotic drug into the United States or any territory under its control or jurisdiction; * * *

§ 174. Same; penalty; evidence.

Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237 (c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.

right to confrontation. But the government, having disclosed the name and address of the informant, was under no duty to produce him. United States v. Cimino, 321 F.2d 509, 512 (2d Cir. 1963), cert. denied, 375 U.S. 974, 84 S.Ct. 491, 11 L.Ed.2d 418 (1964); United States v. Holiday, 319 F.2d 775, 776 (2d Cir. 1963).

■ Appellant urges that there was no probable cause for his arrest and that his motion to suppress the evidence found upon a search of his person at the time of his arrest should have been granted. Appellant was arrested after an informant, who had proved reliable on twenty-five prior occasions, told an agent of the Federal Bureau of Narcotics that a man named Paul, white, five feet, four inches tall, weighing one hundred ten pounds, thin with a prominent nose, driving a customized black Mercury, bearing New York registration number 9T 4041, would be delivering an ounce of heroin at 135th Street and Fifth Avenue at five o'clock in the afternoon of August 2, 1963. Federal narcotics agents were posted at the place referred to by the informant. At five o'clock appellant drove up in an automobile fitting the informant's description. Appellant himself appeared to be the person described by the informant. He was thereupon arrested and searched. The past reliability of the informant, especially when taken together with the accuracy of the information provided on the occasion in question, was sufficient to constitute probable cause and to make reasonable within the meaning of the Fourth Amendment the search of appellant's person incidental to the arrest. See United States v. Freeman, 358 F.2d 459 (2d Cir. 1966); United States v. Salgado, 347 F.2d 216 (2d Cir.), cert. denied, 382 U.S. 870, 86 S.Ct. 146, 15 L.Ed.2d 109 (1965); United States v. Elgisser, 334 F.2d 103 (2d Cir.), cert. denied, 379 U.S. 881, 85 S.Ct. 151, 13 L.Ed.2d 87 (1964); United States v. Smith, 308 F.2d 657 (2d Cir.), cert. denied, 372 U.S. 906, 83 S.Ct. 717, 9 L.Ed.2d 916 (1962).

■ Appellant claims that evidence with respect to certain statements made by him after his arrest should have been excluded under the rule in *Escobedo*. Since appellant's trial took place before the decision in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), he is not entitled to rely upon the rule stated in that case. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

■ There were three statements made by appellant about which evidence was introduced at the trial. The first of these was an offer by appellant to "cooperate" with the agents in identifying violators of the narcotics laws. Appellant made this statement immediately after he was arrested. See United States v. Cone, 354 F.2d 119 (2d Cir. 1965), cert. denied, 384 U.S. 1023, 86 S.Ct. 1958, 16 L.Ed.2d 1026 (1966). It was volunteered and not elicited by interrogation. See United States v. Accardi, 342 F.2d 697, 701 (2d Cir. 1965). Finally the evidence as to the statement was stricken by the judge as irrelevant.

■ The appellant's second statement was made to an assistant United States Attorney. Before he made this statement appellant was warned of his rights. He now maintains that he was unable to comprehend the warning because he was suffering from withdrawal sickness. Appellant did not raise this point in objecting to the introduction of the statement. If he had done so the truth of his claim could have been considered by the trial judge. He cannot for the first time raise the issue on appeal. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

■ The third of appellant's statements was to the effect that he had one hundred dollars in a safe deposit box. This statement, like that as to cooperation, was volunteered and not elicited by interrogation. It was made after he had been informed of his rights.

■ Finally appellant objects that certain prejudicial testimony was erroneously admitted. Appellant's brief suggests and we believe that the errors involved in the admission of this testimony, if indeed

there were errors, did not constitute ground for reversal. Appellant suggests however that a remark made by the court,[2] when considered in the light of questioned testimony, shows that the court did not give defendant the benefit of the presumption of innocence. We can perceive no connection between the testimony to which appellant objects and the court's remark. Though the words used by the court are not an accurate statement of the requirements of a criminal trial, we are cited to nothing which would lead us to believe that the appellant was not in fact accorded a fair trial and the full benefit of the presumption of innocence.

Affirmed.

2.  "The Defendant: Is there no way I can prove my innocence?

The Court: You had your chance today and I was not convinced of it."