**UNITED STATES of America,
Appellee,**

v.

**Manoutchehr AADAL, Defendant-
Appellant.**

**No. 190, Docket 30733.**

United States Court of Appeals
Second Circuit.

Argued Oct. 20, 1966.

Decided Nov. 18, 1966.

John H. Doyle, III, (Robert M. Morgenthau, U. S. Atty., for Southern District of New York, and Pierre N. Leval, Asst. U. S. Atty., on the brief), for appellee.

Morris Weissberg, New York City (Gerald Zisholtz, New York City, on the brief), for appellant.

Before WATERMAN, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

Defendant Aadal was convicted by jury verdict of violating 18 U.S.C. § 1001[1] by knowingly making and causing to be made false statements in each of forty-eight Shippers Export Declarations. His principal contention on this appeal is that there was insufficient evidence to support the judgment of conviction. We affirm the judgment.

The appellant, who has spent much of his adult life in the export-import business, associated himself with a textile importer named Hassan Rafati early in 1958. Rafati had letters of credit drawn on several New York banks which called for the shipment to Iran of yard goods or piece goods. The latter terms are used interchangeably in the textile trade to describe goods which are measured and sold by the yard as more or less full bolts of cloth rolled on tubes.

[1] "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully * * * makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Rafati and Aadal arranged for the shipment of rags in connection with these letters of credit, under shipping documents which described the goods as substantial yardages of fine quality piece goods. In particular, it was shown that Aadal purchased rags and scraps from one Rothman, had them packed in wooden crates marked for shipment to Iran, and had them sent to various piers for shipment. Representing himself as an exporter of piece goods, he engaged the services of a freight forwarding agent, Ocean-Wide Forwarders, to handle all documents involved in shipping the goods. He instructed Ocean-Wide as to the descriptions, weights, measurements and values to be entered on the shipping documents.

Pursuant to Aadal's instructions, Ocean-Wide prepared United States Commerce Department Shippers Export Declarations which were filed with the Export Control Section of the United States Bureau of Customs. The government contended, and the jury found, that the statements in the Export Declarations were false and were made under Aadal's direction.

## I.

■ Defendant's primary contentions on this appeal concern the sufficiency of the evidence supporting his conviction on each of the forty-eight counts. We have only a limited power to review the evidence on which the jury based its verdict.

"The test is whether, taking the evidence in the view most favorable to the government, there is substantial evidence to support the verdict. * * * This circuit has never held that circumstantial evidence, to be sufficient to convict, must exclude every reasonable hypothesis of innocence to be drawn from the evidence." United States v. Tutino, 269 F.2d 488, 490 (2d Cir. 1959) (citations omitted); see United States v. Robbins, 340 F.2d 684, 687 (2d Cir. 1965); United States v. Kahaner, 317 F.2d 459, 467 (2d Cir.), cert. denied, 375 U.S. 836, 84 S.Ct. 74, 11 L.Ed.2d 65 (1963).

■ In the instant case the evidence clearly meets this test. Aadal argues that the only information which he supplied for inclusion in the Export Declarations, contained in commercial invoices and letters of instruction, was accurate. Discrepancies between the Declarations and these documents are, he suggests, attributable to errors by Ocean-Wide's employees. However, even if we should accept appellant's contention that the letters and invoices were accurate, his premise that he provided no information other than what was contained in these documents is contrary to the evidence. Medina, the partner in Ocean-Wide who dealt with defendant, testified that Aadal furnished all the data incorporated in the Declarations, and that he, Medina, did not contrive any of them. The jury, therefore, could readily conclude that the additional information in the Declarations was supplied by Aadal separately from the documents to which he refers us. Appellant's central role in the whole scheme and Medina's testimony that he dealt exclusively with Aadal in these transactions further support the inference that Aadal supplied the false data. For similar reasons the absence of commercial invoices pertaining to three of the Declarations does not vitiate appellant's conviction on the counts based upon these Declarations.

Appellant next contends that since statements of value in many of the Declarations were not false, no crime was committed. However, in each of the Declarations some item was falsified; if value was accurately stated, the nature of the goods was misrepresented. Appellant appears to contend that the latter falsification was not material as long as the stated value was correct. While the materiality of the statements seems clear, it is settled in this circuit that the false statements proscribed by Section 1001 need not be proved to be material. United States v. Marchisio, 344 F.2d 653, 666 (2d Cir. 1965); United States v. McCue, 301 F.2d 452, 456 (2d Cir.), cert. denied,

370 U.S. 939, 82 S.Ct. 1586, 8 L.Ed.2d 808 (1962); United States v. Silver, 235 F.2d 375 (2d Cir.), cert. denied, 352 U.S. 880, 77 S.Ct. 102, 1 L.Ed.2d 80 (1956).

Aadal's knowing participation in the scheme was also shown by the testimony of an agent of the Federal Bureau of Investigation who stated that Aadal had admitted purchasing rags in connection with letters of credit which Aadal knew called for piece goods. The conclusion of Aadal's guilt is further supported by the fact that Aadal sought rags at the cheapest possible price but shipped them in wooden crates in the way piece goods would be shipped although this was an uneconomical method for shipping rags because ocean freight is calculated on a bulk basis.

Viewed as it must be "in a light most favorable to the government," United States v. Robbins, supra, 340 F.2d at 687, the evidence supporting the conviction is, therefore, clearly sufficient.

## II.

None of appellant's other claims of error has merit. He contends that the statements he made to the FBI agent should not have been admitted because they were obtained under circumstances that did not meet constitutional standards expressed in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, the rules established in *Miranda* are not to be retroactively applied to cases such as this where the trial began before the decision in *Miranda* was handed down. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Appellant apparently does not claim that his admission was obtained in violation of constitutional standards established before *Miranda*. See Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). In any event, appellant has waived any such claim by not objecting to the introduction into evidence of his statements to the FBI agent. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663

(1966); United States v. Repetti, 364 F.2d 54, 56 (2d Cir. 1966).

The other claimed errors, denial of a speedy trial and allegedly prejudicial remarks of the prosecutor in his summation, were similarly waived when timely objections were not interposed. It is established that "the right to a speedy trial after arrest or indictment is deemed waived unless promptly asserted." United States v. Sanchez, 361 F.2d 824, 825 (1966); United States v. Smalls, 363 F.2d 417, 419 (2d Cir. 1966); United States v. Lustman, 258 F.2d 475, 478 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958). Similarly, even if we accept appellant's dubious claim that the prosecutor in his summation misrepresented defense counsel's position, "it was not, at least absent objection, reversible error." United States v. Johnson, 331 F.2d 281, 282 (2d Cir.), cert. denied sub nom. Pheribo v. United States, 379 U.S. 905, 85 S.Ct. 196, 13 L.Ed.2d 178 (1964); see Lawn v. United States, 355 U.S. 339, 359 n. 15, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958).

The judgment of conviction is affirmed.