**UNITED STATES of America**

**v.**

**Manoutchehr AADAL, Defendant.**

**No. 66 Cr. 458.**

United States District Court
S. D. New York.

June 29, 1967.

See also D.C., 280 F.Supp. 862 and D.C., 280 F.Supp. 866.

Robert M. Morgenthau, U. S. Atty., by Asst. U. S. Atty. John H. Doyle, New York City, for the United States.

Gerald Zisholtz and Morris Weissberg, New York City, for defendant.

MOTLEY, District Judge.

## MEMORANDUM OPINION

### ON PRETRIAL MOTION

Upon the affidavit of Manoutchehr Aadal, sworn to on June 22, 1967, and upon the affidavit of Morris Weissberg, sworn to on June 23, 1967, and upon the indictment herein, defendant appeared by counsel before the Court on June 27, 1967, and moved for the following relief:

1. To dismiss the indictment on the ground that it does not state facts sufficient to constitute an offense against the United States;

2. To dismiss the indictment on the ground that defendant was denied a speedy trial thereon, in violation of the 6th Amendment to the Constitution of The United States;

3. For discovery of all documents concerning the matters alleged in the indictment, which are within the possession, custody or control of the government, pursuant to Rule 16(b) of the Rules of Criminal Procedure;

4. For discovery of any written or recorded statement or confession made by the defendant, within the possession, custody or control of the government, pursuant to Rule 16(a) of the Rules of Criminal Procedure;

5. For a bill of particulars of the matters set forth in the affidavit of Morris Weissberg pursuant to Rule 7(e) of the Rules of Criminal Procedure;

6. For such other, further or different relief as may be just and proper.

By leave of court the motion was amended to include a request that Gerald Zisholtz and Morris Weissberg be appointed counsel for defendant based upon his attached affidavit of indigency.

### Defective Indictment

Rule 7(c), F.R.Crim.P. requires that "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *" An indictment is adequate if it " * * *

shall advise the plaintiff with reasonable certainty of the crime with which he is charged, with averments sufficient to enable him to prepare his defense, and in the event of acquittal to plead the judgment in bar of a second prosecution for the same offense." Dell'Aira v. United States, 10 F.2d 102, 104 (9th Cir. 1926).

None of the authorities cited by plaintiff contradict this basic proposition. The indictment here follows the language of the statute, informs defendant of what he must be prepared to meet and contains all the essential elements of the offense. It sets out in detail information pertaining to each of the 12 bills of lading which are the subject of the indictment.

■ The indictment as drawn more than adequately meets the standards laid down by the Constitution and the Federal Rules of Criminal Procedure. Therefore, the motion to dismiss the indictment for failure to state facts sufficient to constitute an offense against the United States is denied. Dell'Aira v. United States, supra; Gevinson v. United States, 358 F.2d 761, 763 (5th Cir. 1966); United States v. Meyer, 140 F.2d 652, 656 (2d Cir. 1944); United States v. Goldsmith, 108 F.2d 917, 920–921 (2d Cir.), cert. denied, 309 U.S. 678, 60 S. Ct. 715, 84 L.Ed. 1022 (1940). See also, United States v. Marchisio, 344 F.2d 653 (2d Cir. 1965).

### Speedy Trial

■ Twenty-three months elapsed between defendants arrest and indictment. Another 13 passed between his indictment and the setting of a trial date. Defendant had counsel during these periods. He could have moved for a speedy trial when it became apparent that the delay between arrest and indictment or indictment and trial was going to be inordinate. Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1958). Defendant did not do so. By his silence and inaction defendant

waived his right to object to these delays. The motion to dismiss on this ground must therefore be denied. United States v. Lustman, 258 F.2d 475, 476–478 (2d Cir.) cert. denied, 358 U.S. 880, 79 S. Ct. 118, 3 L.Ed.2d 109 (1958); United States v. Sanchez, 361 F.2d 824, 825 (2d Cir. 1966); United States v. Aadal, 368 F.2d 962, 965 (2d Cir. 1966), cert. denied, 386 U.S. 970, 87 S.Ct. 1161, 18 L.Ed.2d 130 (March 21, 1967).

### Discovery of Documents

Defendant has made sufficient showing upon the motion that certain documents in the possession of the government are material to the preparation of his defense. Under the circumstances, the request for these documents is reasonable. The trial is impending. The time between the setting of the date for trial in this case and the trial is especially short, and defense counsel have only lately come into the case. Preliminary proceedings have indicated that there will be voluminous documentary evidence involved in this case. It will greatly expedite matters if defense counsel are not seeing these documents for the first time at trial.

■ Therefore, pursuant to Rule 16 (b) F.R.Crim.P., the government should permit the defendant to inspect and copy or photograph all documents which relate to the alleged false statement and which are a part of the transactions evidenced by the bills of lading which are the subject of the indictment herein.

### Defendant's Statement(s)

■ It is evident that granting discovery of defendant's confessions or statements that are in the possession, custody, or control of the government is within the trial judge's discretion. United States v. Leighton, 265 F.Supp. 27, 34 (S.D.N.Y.1967). It is considered the "better practice" to allow discovery of any relevant written or recorded statement or confession made by the defendant. See, Notes of Advisory

Committee on Rules, Rule 16; Giles v. State of Maryland, 386 U.S. 66, 96–102, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967). This is a view with which the Court is in accord.

 Therefor, pursuant to Rule 16 (a), the government shall permit defendant to inspect and copy or photograph any statement or confession made by defendant which relates to the matters charged in the present indictment and which are in the government's possession, custody, or control.

### Bill of Particulars

 Items one and two are consented to. Items 3–5 go beyond the ken of a bill of particulars and must therefore be denied. It is the office of a bill of particulars to enlarge the indictment— not provide the defendant with evidence on the government's case. United States v. Klein, 124 F.Supp. 476, 479 (S.D. N.Y.1954); 4 Barron Federal Practice and Procedure (1951 ed.) § 1917, p. 77.

### Other Relief

 At the argument on the motion, the government requested rights of reciprocal discovery should the court grant defendant's discovery. Such discovery is hereby granted the government pursuant to Rule 16(c). Defendant should permit the government to inspect and copy or photograph documentary evidence which the defendant intends to produce at the trial and which are in the possession, custody or control of the defendant.

The request to appoint Gerald Zisholtz and Morris Weissberg as counsel is hereby granted and a separate order will be entered by the Court on this request.

 The defendant also requested that he be present during his counsel's inspection of the documents produced by the government in order to aid his counsel in identifying commercial documents with which his counsel are not familiar. This request is also granted and a separate order will likewise be entered by the Court on this request.