Antranik PAROUTIAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 504, Docket 32210.

United States Court of Appeals Second Circuit.

Submitted May 13, 1968.

Decided June 4, 1968.

Antranik Paroutian, pro se.

Thomas J. O'Brien, Asst. U. S. Atty., Joseph P. Hoey, U. S. Atty., for the Eastern Dist. of New York, for respondent-appellee.

Before MOORE, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

This is the fourth appeal by Antranik Paroutian growing out of a two-count conviction for violating 21 U.S.C. § 174, on which he is now serving a twenty-year sentence. Appellant's first conviction in 1960 was reversed by this court, United States v. Paroutian, 299 F.2d 486 (2d Cir. 1962). On retrial in 1962, appellant was found guilty by Jacob Mishler, J., sitting without a jury in the United

States District Court for the Eastern District of New York; that conviction was affirmed by this court, United States v. Paroutian, 319 F.2d 661 (2d Cir. 1963), cert. denied, 375 U.S. 981, 84 S.Ct. 494, 11 L.Ed.2d 426 (1964). Thereafter, Paroutian applied for a writ of habeas corpus, which the district court dismissed, after properly treating it as a motion pursuant to 28 U.S.C. § 2255. That order was affirmed by this court, Paroutian v. United States, 370 F.2d 631 (2d Cir.), cert. denied, 387 U.S. 943, 87 S.Ct. 2077, 18 L.Ed.2d 1331 (1967). Paroutian thereupon filed another motion under 28 U.S.C. § 2255. After granting partial relief by reducing Paroutian's sentence to that imposed after the first trial, Judge Mishler denied the balance of the application without holding an evidentiary hearing.[1] We affirm.

■ Appellant's first claim is that the Government suppressed evidence which would have impeached the credibility of its chief witness, Luis De Almeida. According to Paroutian, the evidence would have demonstrated that De Almeida expected that as a result of his testimony he would receive a light sentence in his pending criminal case in the Southern District of New York. We agree with the district judge that this claim is "spurious." De Almeida had already received a suspended sentence at the time of appellant's second trial, a fact well known to all parties as well as the trial judge. Appellant's counsel had the opportunity to make any use of the leniency of De Almeida's punishment that he wanted. Moreover, the trial judge specifically found that no promises had been made to De Almeida before he turned his information over to the Government. Therefore, neither this allegation, nor the further allegation that the Government knew that De Almeida's testimony was perjured required, on this record, an evidentiary hearing. See also United States v. Pheribo, 346 F.2d 559 (2d Cir.), cert. denied, 382 U.S. 871, 86 S.Ct. 149, 15 L.Ed.2d 110 (1965).

■ Appellant also claims that there was suppression of Jencks Act material; he contends that the district court should have ordered an evidentiary hearing to look into the possible suppression of two letters allegedly sent by De Almeida, while incarcerated, to Agent Maduro of the Bureau of Narcotics. However, it has never been shown that these letters exist. Appellant relies on a statement by the Solicitor General to the Supreme Court in opposition to appellant's request for a remand, after appellant had applied for certiorari in the first section 2255 proceeding, that the records of Federal Detention Headquarters indicated that two such letters were sent. However, there is no other substantiation that any letters now exist. On the contrary, at the second trial the Government represented that a search of the case file failed to uncover any other producible statements and suggested that De Almeida be cross-examined with reference to any other communication made by him. The entire file was turned over to the court, and appellant's attorney was given the opportunity to examine the assistant to the warden at Federal Detention Headquarters, one of the witnesses appellant would like to call at this time. In addition, in opposing the instant motion, the Government put in an affidavit stating that it had searched the files of the United States Attorney, the Bureau of Narcotics, and Federal Detention Headquarters, and had interviewed the assistant to the warden, and no evidence of any letters was found. The Solicitor General's office also apparently never found the letters. In these circumstances, there was no need to hold an evidentiary hearing. We also reject appellant's contention that he was entitled to a hearing concerning alleged statements made by Bureau of Narcotics agents sent for use in a trial in France of appellant's alleged partner. The only evidence that such statements exist is a cablegram from French counsel which listed certain names in response to a query from appel-

1. Paroutian v. United States, No. 67-C-692 (E.D.N.Y., Feb. 14, 1968).

lant's then counsel to name all the police officers who signed the file sent from America to France.

Finally, appellant attacks the indictment on the ground that there were unauthorized persons in the grand jury room, viz., Agent Maduro, who acted as interpreter for De Almeida, and an assistant United States Attorney from the Southern District of New York. It is settled that an indictment cannot be collaterally attacked under section 2255 except for lack of jurisdiction or infringement of constitutional rights. United States v. Spada, 331 F.2d 995 (2d Cir.), cert. denied, 379 U.S. 865, 85 S.Ct. 130, 13 L.Ed.2d 67 (1964). Assuming that appellant's allegations on this issue are correct, they do not rise to constitutional dimensions. Cf. United States v. Blue, 384 U.S. 251, 255 n. 3, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966); Lawn v. United States, 355 U.S. 339, 349, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

Judgment affirmed.