**UNITED STATES of America, Plaintiff,**

v.

**Luis Rodríguez VARGAS, Defendant.**

**Crim. No. 115–70.**

United States District Court,
D. Puerto Rico.

Dec. 17, 1971.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for plaintiff.

Charels H. Juliá and Antonio Córdova González, San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This cause is presently before the Court upon defendant's motion to dismiss the complaint filed on October 8, 1971, and plaintiff's opposition thereto.

As it appears from the record, the defendant herein, Luis Rodríguez Vargas, was arrested and brought before the United States Commissioner on December 5, 1969, to answer a complaint charging him with embezzlement of funds from the Welfare Fund of the Federación de Empleados de Comercio y Ramas Anexas de Puerto Rico, Labor Union Members Medical, Dental & Drug Fund, in violation of Title 18, United States Code, Section 664.

The defendant who was represented by counsel, voluntarily waived his right to a preliminary hearing after the United States Commissioner, Harley A. Miller, and his counsel, Nicolás Nogueras, Jr. had explained to him his rights regarding preliminary hearing. He was then left under his own recognizance and has remained in such status. An indictment was returned on July 13, 1970 and arraignment was set for August 7, 1970. On this occasion, the defendant waived the reading of the indictment, was arraigned and pleaded not guilty.

A pretrial conference was set for October 14, 1971, and trial set for October 20, 1971. On October 8, 1971, Antonio Córdova González, Esquire, joined Charles H. Juliá, Esquire, in the defense of the case and on this same date Mr. Córdova, on behalf of the defendant, filed a motion to dismiss the indictment for want of prosecution and at the same time, requested an extension of ten (10) days to file a brief in support of said motion. After several extensions the defense finally filed its brief on November 19, 1971 and the plaintiff its reply brief on November 29, 1971. It is defendant's contention that his right to speedy trial was violated because of pre-indictment and trial setting delays. We are unable to agree with defendant's contention.

■ The Sixth Amendment to the United States' Constitution, provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . ." This has been regarded as "one of the most basic rights preserved by our Constitution."

Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. It prevents undue and oppressive incarceration prior to trial, minimizes anxiety and concern accompanying a public accusation, and it limits the possibilities that a long delay will impair the ability of an accused to defend himself. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627. But the right is necessarily relative and dependent upon the circumstances, Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L. Ed.2d 393.

In Harrison v. United States, 128 U. S.App.D.C. 245, 387 F.2d 203, the court citing the case of Hedgepeth v. United States, 124 U.S.App.D.C. 291, 364 F.2d 684, states the following:

"There is no touchstone of time which sets a fixed maximum period that automatically requires application of the Sixth Amendment and dismissal of the indictment. Rather, 'the right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances'."

■ Mere lapse of time is insufficient to establish a Sixth Amendment violation. United States v. Richardson, 291 F.Supp. 441 (D.C.1968); Reece v. United States, 337 F.2d 852 (5 Cir., 1969).

■ Moreover, the Courts have traditionally considered together four factors in determining whether there has occurred an unconstitutional deprivation of the right to speedy trial because they are interrelated, United States v. Roberts, D.C., 293 F.Supp. 195. These elements are: (1) length of delay; (2) reason for delay; (3) prejudice to defendant, and (4) waiver. The delay must not be purposeful or oppressive. Orderly expedition and not mere speed is the requirement. United States v. Ewell, et al., 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627.

■ In this case *seven* months elapsed between arrest and indictment and some fourteen months between arraignment and trial setting. During

this time, the defendant contends that his star witness, Dr. Jaime Seda, had disappeared and his whereabouts are unknown. The plaintiff on the other hand, strenuously objects to this last contention and asserts that Dr. Jaime Seda has never existed and that in fact, was created by the defendant in order to commit the crime charged. The plaintiff further claims that he is ready to prove beyond a reasonable doubt that such is the case.

The government has also asserted, and it has not been disputed, that the delay was not purposeful or oppressive. The reason for the lapse of some *seven months* between arrest and indictment, had been attributed to the need for carefully investigating the facts surrounding the serious offense charged in the complaint. The fourteen months that elapsed between arraignment and trial setting have been due to the extremely heavy calendar of this Court with limited number of judges available. Other cases older than defendant's had taken precedence.

This Court is of the view that the pre-indictment and post-arraignment delays by themselves are not sufficient prejudice to justify dismissal of the indictment. Ever since his arrest, the defendant, Luis Rodríguez Vargas, has been represented by counsel, yet not once did he move for a speedy trial. He merely let time go by in silence. See United States v. Aadal, 280 F.Supp. 859 (D.C., 1967).

The delay has not been unreasonably long nor has it been shown to be oppressive to the defendant or without legitimate purpose. Whereby, in light of these circumstances, this Court is of the opinion that there has been no violation of defendant's Sixth Amendment right to a speedy trial.

Wherefore, it is ordered, that defendant's motion of October 8, 1971 to dismiss the indictment for want of prosecution be and it is hereby denied.

It is so ordered.