**UNITED STATES of America, Plaintiff,**
v.
**Wigberto Acosta TORRES, Defendant.**

**Crim. No. 61–72.**

United States District Court,
D. Puerto Rico.

Oct. 6, 1972.

Julio Morales-Sanchez, U. S. Atty., Old San Juan, P. R., for plaintiff.

Ramón A. Cestero, Jr., Hato Rey, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

The case herein is at present before this Court on a motion filed by the defendant on September 20, 1972, requesting a dismissal of the indictment, predicated on Rule 48(b) of the Federal Rules of Criminal Procedure[1] and on the VI Amendment to the Constitution of the United States,[2] for unreasonable delay in bringing him to trial.

The records before this Court reflect the following relevant procedural facts:

Wigberto Acosta Torres was arrested on January 24, 1972 and was brought before the United States Magistrate to answer to a complaint charging him with knowingly and willfully distributing and possessing, with the intent to distribute marihuana, a Scheduled I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). On this same date, he was committed to jail for failure to furnish a bond in the sum of $50,000.00.

An Indictment was returned on February 10, 1972 and arraignment was set for March 3, 1972. On this occasion, the defendant entered a plea of not guilty to the three-count Indictment.

On March 7, 1972, the defendant moved for reduction of bond and on March 14, 1972, the Motion was granted to the extent of allowing the defendant to post 10% of the original; $50,000.00.

The case was set for trial on April 12, 1972. On this occasion, the case was continued at the request of the defense due to a petition made by defendant's counsel to be relieved from further representation of the defendant and that Mr. Ramón A. Cestero, be substituted as defense counsel.

The motion was granted and the case was set for trial for April 25, 1972 but on this occasion, the case had to be continued due to another trial taking place on the same date. At this latter date, the Court granted another Motion for Reduction of Bond and allowed the defendant to post 10% of $15,000.00.

A Bill of Particulars was filed on March 26, 1972 and on June 1, 1972, plaintiff filed opposition thereto. On June 16, 1972, defendant filed a Brief in Support of his Motion for Particulars as required by Rule 2(e) of this Court. On July 6, 1972, plaintiff filed its reply to the request for Bill of Particulars. On September 14, 1972, the Clerk of the Court issued notification setting the case for pretrial conference on October 2, 1972 and for trial on October 10, 1972. On September 20, 1972, defendant's counsel, by motion, moved for dismissal of the Indictment for unnecessary delay in bringing the defendant to trial

---

1. Rule 48(b) of the Federal Rules of Criminal Procedure, states:
    "If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

2. The VI Amendment to the Constitution of the United States provides in part:
    "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, * * *"

since from the time of his arrest, to the present time, defendant had remained incarcerated unable to furnish bond.

Defendant's sole claim of prejudice is the fact of his detention for his inability to give bond for a period of approximately seven and a half months.

The Court is of the opinion that defendant's predicament due to his detention is not sufficient prejudice to justify a dismissal of the Indictment either under Rule 48(b) of the Federal Rules of Criminal Procedure or under the VI Amendment to the Constitution of the United States. Although since the time the Indictment was returned, the defendant has been represented by counsel, yet not once did he move for speedy trial; to the contrary, he requested continuance the first time the case was set for trial and subsequent to that time, he had let time go by in silence. See Hampton v. State of Oklahoma (10th Cir., 1966), 368 F.2d 9, 12; United States v. Aadal (D.N.Y., 1967), 280 F. Supp. 859, 861.

In this case, the government has asserted and it has not been disputed that the delay was not purposeful or oppressive. The reason for the passage of approximately seven and a half months between arrest and trial setting has been attributed to the defendant's continuance of April 12, 1972 at which time the government was ready to proceed with trial with its witnesses available, and the subsequent discovery procedures being carried on by the parties which presumably will aid the defendant in the presentation of his case.

In light of these circumstances, the Court holds that there has not been unreasonable delay in violation of Rule 48(b) of the Federal Rules of Criminal Procedure or under the right to a speedy trial of the VI Amendment to the Constitution of the United States of America.

See: United States v. Daley (1st Cir., 1972), 454 F.2d 505, 508–509; United States v. DeLeo (1st Cir., 1970), 422 F. 2d 487, 494, cert. den. 397 U.S. 1037, 90

S.Ct. 1355, 25 L.Ed.2d 648. See also United States v. Carlos Martorell Blondet, Crim.No. 170–69 (Memorandum and Order of July 3, 1972 by Hon. Hiram R. Cancio). United States v. Edgardo Alverio Diaz, 345 F.Supp. 1404 (D.P.R. 1972).

Wherefore, it is hereby ordered, that defendant's motion of September 20, 1972, requesting dismissal of the Indictment for unreasonable delay in bringing the defendant to trial be and is hereby denied.

The case will remain set for trial as scheduled, so it can be heard on October 10, 1972.

It is so ordered.