UNITED STATES of America, Appellee,

v.

William CHAPMAN, Defendant-Appellant.

No. 395, Docket 27490.

United States Court of Appeals Second Circuit.

Argued June 14, 1963.

Decided June 14, 1963.

———◆———

Andrew T. McEvoy, Jr., Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., and Arnold N. Enker, Asst. U. S. Atty., on the brief), for appellee.

Joseph I. Stone, New York City, for defendant-appellant.

Before LUMBARD, Chief Judge, and KAUFMAN and MARSHALL, Circuit Judges.

KAUFMAN, Circuit Judge.

This is an appeal from a conviction for violation of the federal narcotics laws, 21 U.S.C. §§ 173, 174. Appellant seeks a reversal of the conviction and a remand for a new trial because of the failure of the District Judge to order the production of certain documents under the Jencks Act, 18 U.S.C. § 3500.

The appellant was convicted of having sold narcotics on August 1, 1960 to a federal agent. The agent, shortly after consummating the purchase, prepared a report concerning the events of that day, which report was requested by and turned over to the appellant on cross-examination of the agent, pursuant to the mandate of the Jencks Act.[1] Counsel noted that, although appellant's name was William Chapman, the report identified the seller of the narcotics as Wallace Chapman. Contending that this discrepancy as well as others revealed in the report raised an issue as to identity, counsel for appellant asked the agent whether, during the several months between the sale and the arrest of the defendant, status or progress reports had been made by him as is usual during the investigation of a crime. Upon receiving an affirmative answer, counsel requested that such reports be produced in order that they might be examined so that light might be shed on the question of identity. The Government objected to the request, principally on the ground

---

1. 18 U.S.C. § 3500:

"(b) [a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

"(c) If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera. Upon such delivery the court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness. With such material excised, the court shall then direct delivery of such statement to the defendant for his use."

that the issue of identity was first raised on cross-examination of the agent and not on direct. The District Court denied the Jencks Act request.

On appeal, the Government concedes that the better procedure would have been for the District Judge to have been furnished with the agent's progress reports for his examination. It contends, however, that rather than grant a new trial, the proper procedure would be for this Court to certify to the District Judge the question whether the defense was entitled to have such reports.

We agree that a remand to the District Court in order that it may inspect the agent's progress reports to determine whether their production is warranted, is an appropriate remedy. The District Judge is thoroughly familiar with the facts and the trial of the case, and the propriety of ordering the reports surrendered to the defendant can be determined with dispatch. Should the reports be found to fall without the terms of the Jencks Act, a new trial would be obviated. This remedy has been employed by the Supreme Court in cases arising under 18 U.S.C. § 3500, see Killian v. United States, 368 U.S. 231, 242–244, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961); Campbell v. United States, 365 U.S. 85, 98–99, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961), and has also proved satisfactory where requests for production of grand jury transcripts were denied, see United States v. Santore, 290 F.2d 51, 67–68 (2 Cir., 1960), cert. denied, 365 U.S. 834, 81 S.Ct. 745, 5 L.Ed.2d 743 (1961); United States v. Giampa, 290 F.2d 83, 85–86 (2 Cir., 1961).

If, on remand, the District Court determines that the status reports contain no such information as to warrant their production to the defendant, it should enter a new final judgment based upon the record as supplemented by these findings, thus preserving to appellant the right of appeal therefrom. If, on the other hand, the District Court concludes that the appellant's request to examine relevant portions of the reports was wrongfully denied, it would then become its duty to accord the appellant a new trial. See Hilliard v. United States, 317 F.2d 150 (D.C.Cir., 1963); Saunders v. United States, 316 F.2d 346 (D.C.Cir., 1963).

Remanded from the bench for further proceedings.