**UNITED STATES of America,
Appellee,**

v.

**Percy WILSON, Appellant.**

**No. 346, Docket 29094.**

United States Court of Appeals
Second Circuit.

Argued March 3, 1965.

Decided March 15, 1965.

Robert L. Latchford, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., Southern District of New York, John E. Sprizzo, Asst. U. S. Atty., on the brief), for appellee.

Anthony F. Marra, New York City, (George Peter Gross, New York City, of counsel), for appellant.

Before LUMBARD, Chief Judge, and MOORE and HAYS, Circuit Judges.

MOORE, Circuit Judge:

Defendant Wilson appeals from a judgment of conviction for violation of

the narcotics laws (21 U.S.C.A. §§ 173–174). His grounds for appeal are (1) prejudicial and unnecessary delay in issuing an arrest warrant after the commission of the offense; (2) an unreasonable delay between issuance and execution of the warrant; and (3) the delay between arrest and the filing of the indictment. An analysis of the facts as to each of these periods discloses that the periods of time which elapsed between each event were neither prejudicial nor unreasonable. Defendant's jury conviction is, therefore, affirmed. A brief outline of the facts relating to each period suffices to establish this conclusion.

1. *Between offense and issuance of the warrant.*

■ The narcotics transaction occurred on January 3, 1961. On April 18, 1962, an arrest warrant was issued, on which Wilson was arrested in Washington, D. C., on September 6, 1962. At the time of his arrest, narcotics were found in his possession. He was indicted, tried, convicted for this offense in the District of Columbia, and sentenced on March 29, 1963. On September 18, 1963, Wilson was brought to New York (Southern District) to answer to the charges here.

There was no showing that the delay in obtaining the arrest warrant was prejudicial or part of a deliberate, purposeful and oppressive design for delay.

2. *Between the issuance of the warrant and the arrest.*

■■ During this period (some four and one-half months), Wilson was a fugitive and using a different name. There was "no reason to suppose that the arrest could have been made sooner than it was made." Carlo v. United States, 2 Cir., 286 F.2d 841, 846 (2 Cir., 1961), cert. denied, 366 U.S. 944, 81 S.Ct. 1672, 6 L.Ed.2d 855 (1961).[1] "Delay by law enforcement officers in arresting a suspect does not ordinarily affect the le-

gality of the arrest." Carlo v. United States, supra. See also United States v. Simmons, 338 F.2d 804 (2 Cir., 1964).

3. *Between arrest and trial.*

■ Wilson made no attempt to seek an early New York trial. To the contrary, he seemed content to exhaust all procedures available as a result of his Washington conviction.

■ As to prejudice upon the New York trial, Wilson claims only that the government's witnesses' memories *might* have been clouded by the lapse of time. Two agents and an informant testified as to the transaction, Wilson's counsel had ample opportunity on cross-examination to test their memories and the jury, mindful of the delays and their possible effect, found Wilson to have been guilty.

Judgment affirmed.

---

1. See Wilson v. United States, 117 U.S. App.D.C. 28, 325 F.2d 224, 225, 1963, the appeal from Wilson's Washington conviction, holding the New York warrant not void for staleness and noting that Wilson at the time of his Washington arrest was a fugitive.