**UNITED STATES of America,**
**Appellee,**

v.

**Enrique RIVERA, Defendant-Appellant.**

**No. 447, Docket 29380.**

United States Court of Appeals
Second Circuit.

Argued April 26, 1965.

Decided June 11, 1965.

Malcolm A. Moore, New York City (Anthony F. Marra, Legal Aid Society, New York City, of counsel), for appellant.

R. Harcourt Dodds, Asst. U. S. Atty., New York City, Robert M. Morgenthau, U. S. Atty. for Southern District of New

York (Jack D. Samuels, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and HAYS, Circuit Judges.

PER CURIAM.

Defendant was convicted of violating 21 U.S.C. §§ 173, 174 (1958) by the illegal sale of a narcotic drug. He raises three issues on this appeal: (A) that there was insufficient evidence of his possession of the drugs to justify conviction; (B) that the eleven-month delay between the transaction of July 3, 1962, and the arrest on June 4, 1963, deprived him of his Sixth Amendment right to a speedy trial, and (C) that the trial court erred in admitting the transcript of an interrogation by the Assistant United States Attorney because the taking of such a transcript after an unnecessary delay in arraignment violated Rule 5(a) of the Federal Rules of Criminal Procedure, Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), and because such interrogation in the absence of counsel deprived defendant of his Sixth Amendment right to counsel, Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

(A) The evidence of defendant's possession of the illicit narcotics was ample. See United States v. Davis, 328 F.2d 864 (2d Cir. 1964). Moreover, defendant arranged the sale and the price for the sale of the narcotics and received the money. According to the inferences reasonably drawn from government testimony, defendant had "a working relationship" with his supplier Rojas "which would enable him to assure delivery." United States v. Hernandez, 290 F.2d 86, 90 (2d Cir. 1961).

(B) Defendant's contention that the eleven-month delay between the time of the alleged offense and the time of his arrest deprived him of his Sixth Amendment right to a speedy trial is without merit absent any "showing that the delay * * * was prejudicial or part of a deliberate, purposeful and oppressive design for delay." United States v. Wilson, 342 F.2d 782, 783 (2d Cir. 1965).

(C) We do not reach the question relating to Escobedo since the introduction of the transcript of questions asked by the Assistant United States Attorney and defendant's answers was actually induced by defense counsel's tactics and cannot therefore now be made the subject of protest.

Defense counsel introduced the subject of defendant's prior statements and defendant testified concerning the general content of those prior statements, implying that they proved his innocence. It was not error for the prosecution to introduce in rebuttal the statements themselves in order that the trier of fact might evaluate the defendant's testimony. See United States v. Graham, 102 F.2d 436 (2d Cir.), cert. denied, 307 U.S. 643, 59 S.Ct. 1041, 83 L.Ed. 1524 (1939).

Affirmed.