Joseph **D'ERCOLE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 234, Docket 30063.

United States Court of Appeals
Second Circuit.

Argued May 9, 1966.

Decided May 19, 1966.

———◆———

James J. Hanrahan, New York City,
for appellant.

Andrew M. Lawler, Jr., Asst. U. S.
Atty., Southern District of New York
(Robert M. Morgenthau, U. S. Atty.,
Southern District of New York, and
John E. Sprizzo, Asst. U. S. Atty., on the
brief), for appellee.

Before WATERMAN, KAUFMAN
and ANDERSON, Circuit Judges.

PER CURIAM:

The appellant, Joseph D'Ercole, was
convicted, under 21 U.S.C. §§ 173 and
174, of selling heroin illegally imported
into the United States and was sentenced
to twenty years imprisonment, which he
is now serving. Upon a plenary appeal
his conviction was affirmed by this court,
sub nom. United States v. Cimino, 321
F.2d 509 (2 Cir., 1963), Judge Waterman
dissenting, cert. denied 375 U.S. 974,
84 S.Ct. 491, 11 L.Ed.2d 418 (1964).
D'Ercole then commenced this present
proceeding under 28 U.S.C. § 2255 to have
the judgment of conviction vacated and
set aside. The district judge denied the
petition, without a hearing, and this appeal followed.

■■ Appellant alleges that he was
deprived of the right to confront the witnesses against him because, even though
the Government disclosed the name and
address of its informer, one Saul Sapp,
alias Saul Scott, Roviaro v. United States,
353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639
(1957), it did not produce him at the
time of the trial. He cites Pointer v.
State of Texas, 380 U.S. 400, 85 S.Ct.
1065, 13 L.Ed.2d 923 (1965) and Douglas
v. State of Alabama, 380 U.S. 415,
85 S.Ct. 1074, 13 L.Ed.2d 934 (1965) in
support of his claim but these cases are
inapposite because they deal with the
right of the defense to cross-examine

government witnesses who have appeared and testified. Although there may be reasons to suspect that the Government might have located Scott (or Sapp) had it wanted him,[1] there is no decision which requires the Government to produce its informer in court. See United States v. Cimino, supra; Williams v. United States, 273 F.2d 781, 795–796 (9th Cir. 1959), cert. denied 362 U.S. 951, 80 S.Ct. 862, 4 L.Ed.2d 868 (1960).

■ In support of his allegation that the Government knowingly used perjured testimony to bring about his conviction, D'Ercole attached to his petition an affidavit made by another prisoner in which the affiant related conversations which he had with D'Ercole's co-defendant, John Cimino, in which Cimino allegedly admitted to the affiant that he, Cimino, had been coerced by federal agents to implicate D'Ercole and to testify against him, although the agents well knew that D'Ercole was innocent. If what Cimino is supposed to have said was in fact true, then, of course, the appellant was denied due process under the Fifth Amendment to the Federal Constitution, and he would be entitled to relief under § 2255 and a new trial. The difficulty is that the affiant's statement of what John Cimino said does not qualify as proper evidential material to support a petition under § 2255 because it is hearsay and could not be used at a hearing. See United States v. Pisciotta, 199 F.2d 603, at 607 (2d Cir. 1952).

■ With regard to the claim of delay between the time of the discovery of the offense and the actual arrest of the appellant, this matter was at no time questioned before or during the appellant's trial and is now raised for the first time. As such an objection must be made at the latest at the time of trial, and per-

haps even earlier, it is now too late. Cf. United States v. Lustman, 258 F.2d 475, 478 (2d Cir. 1958); United States v. Kelly, 349 F.2d 720, at 768 (2d Cir. 1965).

The judgment below is affirmed.

---

1. Judge Waterman's dissent in the original appeal, 321 F.2d at 512, fully discusses the peculiar unavailability of this particular informer in a number of cases where he was sought by defense counsel, and the strange ability of the Government to find him when it needed him. This issue, however, was fully considered upon the original appeal; and it cannot now be relitigated by way of § 2255.