**UNITED STATES of America,**
**Appellee,**

v.

**Antonio Torres SANCHEZ, Appellant.**

**No. 397, Docket 29089.**

United States Court of Appeals
Second Circuit.

Argued May 13, 1966.

Decided June 6, 1966.

James J. Kelly, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Douglas S. Liebhafsky, New York City (Robert M. Morgenthau, U. S. Atty., for Southern District of New York, John S. Allee, New York City, on the brief), for appellee.

Before WATERMAN, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

Appellant Antonio Torres Sanchez was tried below for violating 21 U.S.C. §§ 173, 174, and was found guilty by Judge Tyler, sitting without a jury. The indictment charged appellant with selling approximately 27.10 grams of unlawfully imported heroin on December 4, 1962, and 13.05 grams on January 9, 1963. Although the second sale took place in early 1963, appellant was not arrested until February 27, 1964, some thirteen and one-half months later. The court below sustained an objection to a question addressed to the arresting officer, Agent Wysor, as to why he had waited so long to arrest Sanchez. Appellant claims that this ruling precluded a showing that the pre-arrest delay deprived him of Fifth and Sixth Amendment rights and that the indictment should have been dis-

missed pursuant to Fed.R.Crim.P. 48 (b).

We hold that the court below committed no error and that the conviction should be affirmed. After the government objected to the question put to Wysor, defendant's counsel did not make clear to the trial judge the purpose of the inquiry into pre-arrest delay, and Judge Tyler was therefore well within his discretion in limiting the cross-examination. Moreover, the right to a speedy trial *after* arrest or indictment is deemed waived unless promptly asserted. United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963); United States v. Lustman, 258 F.2d 475 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L. Ed.2d 109 (1958); see also United States ex rel. Pizarro v. Fay, 353 F.2d 726 (2d Cir. 1965) (per curiam). Once a defendant has been arrested and charged, he should be under a like obligation to give prompt notice of prejudice claimed as the result of *pre-arrest* delay; certainly the outside limit for such a claim is at trial, if not sooner. D'Ercole v. United States, 361 F.2d 211 (2d Cir. 1966) (per curiam). Appellant made no such claim prior to trial or even at trial in this case. It is true that this circuit has stated that a pre-arrest delay may deprive defendant of a constitutional right, if there is a showing that the delay "was prejudicial or part of a deliberate, purposeful and oppressive design for delay." United States v. Rivera, 346 F.2d 942 (2d Cir. 1965) (per curiam); see United States v. Hammond, 360 F.2d 688 (2d Cir. 1966) (per curiam); United States v. Dickerson, 347 F.2d 783 (2d Cir. 1965); United States v. Wilson, 342 F.2d 782 (2d Cir.), cert. denied, 382 U.S. 860, 86 S.Ct. 119, 15 L.Ed.2d 98 (1965); United States v. Simmons, 338 F.2d 804, 806 (2d Cir. 1964), cert. denied, 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276 (1965). In none of these cases was the claim upheld, however, even though one of them (*Dickerson*) involved a seventeen-month delay during which the informer died.

No semblance of a showing of prejudice was made here, and no claim of an "oppressive design" for delay was made below.

Appellant relies heavily on Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965) (per curiam) (2-to-1 decision), where conviction for a narcotics violation was reversed because, *inter alia*, of a seven-month delay between sale and swearing out of the complaint against Ross. However, that case grew out of the court's concern over a pattern of cases and its desire to carry out its function of "supervisory responsibility for criminal proceedings" involving the District of Columbia Metropolitan police force. Thus, the court stated (349 F.2d at 215):

> It seems fair to say that our solidarity as to the remand in this case, and the fact of identical remands in other pending appeals, reflected a growing apprehension upon the part of many members of this court as successive cases have come to establish the pattern and effect of the undercover narcotics operations of the Metropolitan Police. The recurring spectacle of convictions based solely upon the testimony of a police witness who, by reason of lapse of time, could not testify on the basis of unaided personal recollection, began to implant doubts as to the propriety of permitting the reasonableness of the delay, in this very narrow and specialized class of narcotics cases, to be "controlled *exclusively* by the applicable statute of limitations."

In addition, *Ross* is clearly distinguishable. In this case, unlike *Ross* (see 349 F.2d at 212), there is "reassuring corroboration" in the testimony of Agent Wysor of the testimony of the New York City police officer, Velez, who made the purchases. Moreover, Velez referred to his notes only twice in thirty-seven pages of testimony.

The judgment of conviction is affirmed.