**UNITED STATES of America, Appellee,**

v.

**William BENNETT, Appellant.**

**No. 447, Docket 29774.**

United States Court of Appeals Second Circuit.

Argued June 17, 1966.

Decided July 14, 1966.

Douglas S. Liebhafsky, Asst. U. S. Atty. for Southern District of New York (Robert M. Morgenthau, U. S. Atty., Richard A. Givens, Asst. U. S. Atty., of counsel), for appellee.

Gerald J. Flintoft, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Before HAYS, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment convicting appellant of selling heroin in violation of 21 U.S.C. §§ 173 and 174.

Appellant claims that the delay of approximately one year between commission of the offense and arrest violated his right under the Fifth Amendment to a fair trial, and that a lapse of another year before trial violated his right under the Sixth Amendment to a speedy trial.

At no time before or during trial did appellant object to the pre-arrest or post-arrest delay. In D'Ercole v. United States, 361 F.2d 211 (2d Cir. 1966) we held that such "an objection must be made at the latest at the time of trial, and perhaps even earlier * *." See United States v. Sanchez, 361 F.2d 824 (2d Cir.1966).

After arrest, appellant did not press for an early trial; indeed, his request at trial part, where he was advised of his "right to have his case go forward promptly," to return the case to calendar part, was partially responsible for the delay. Appellant's detailed testimony as to the events that took place on the date

of the commission of the offense indicates that he suffered no prejudice because of the delay. See United States v. Torres, 343 F.2d 750, 751 (2d Cir. 1965).

■ Appellant also urges the inadmissibility of evidence as to certain post-arrest statements. Since appellant failed to object to admission of this evidence at the trial, the point is unavailable on appeal. See United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

The court wishes to express to Gerald J. Flintoft its gratitude for his conscientious and able handling of this appeal.

Affirmed.