**UNITED STATES of America,**
**Appellee,**

v.

**Joseph BOOKER, Appellant.**

**No. 457, Docket 30283.**

United States Court of Appeals
Second Circuit.

Argued June 16, 1966.

Decided July 18, 1966.

Joshua N. Koplovitz, New York City
(Anthony F. Marra, New York City, on
the brief), for appellant.

Robert L. King, Asst. U. S. Atty. for
Southern Dist.' of New York (Robert
M. Morgenthau, U. S. Atty., and John S.
Allee, Asst. U. S. Atty., Southern Dist.
of New York, on the brief), for appel-
lee.

Before HAYS, ANDERSON and
FEINBERG, Circuit Judges.

PER CURIAM:

The appellant was tried on a one count
indictment charging him with the sale of
narcotics on May 16, 1963, to Angel
Luis Gonzalez, a Federal Narcotics
Agent, in violation of 21 U.S.C. §§ 173
and 174. The jury returned a verdict of
guilty and Booker was sentenced to a
mandatory minimum term of five years
imprisonment.

There was evidence from which the
jury was warranted in finding the fol-
lowing facts. Agent Gonzalez was in-
troduced to the appellant by an informer,
a special employee of the Government,
on May 13, 1963 when they had a brief
conversation in the course of which
Booker gave Gonzalez a slip of paper on
which he had written his name, address
and telephone number.

On May 16, 1963, Gonzalez telephoned
the appellant at the number given and
made arrangements to meet him between
7:00 and 7:30 that evening at a bar on
125th Street in New York City. The
agent arrived at the bar at the appointed
time but Booker did not appear there
until about two hours later. Agent Gon-
zalez then accompanied Booker to a build-
ing at 101 East 122nd Street where
Booker instructed the agent to wait for
him downstairs. Booker rejoined him
a few minutes later and gave him a glas-
sine envelope, which was later found to
contain heroin, for which the agent paid
Booker $180.

Agent Gonzalez attempted to make
subsequent contacts with the appellant
in order to make a second purchase, but
was never able to do so. The appellant
was arrested on March 4, 1965, about
22 months after the sale of narcotics.
In making the arrest, Agent John A.
Gjersten went to the address which the
appellant had written on the slip of pa-
per and had given to Agent Gonzalez on
May 13, 1963. Agent Gjersten arrived
at the apartment at about 4:30 a. m. and
told the appellant's mother and brother
that he had a warrant (though in fact he

had none) for the arrest of Joseph Booker. They said that Booker was in a rear bedroom to which they permitted the agent to have access, and he there arrested the appellant.

Booker was taken to an interrogation room at the office of the Federal Bureau of Narcotics where he was asked to write his name, address and telephone number on a slip of paper so that the information would appear correctly on the property envelope. Agent Gjersten compared the writing with the May 13, 1963 writing which was in the file and asked Booker to make another similar writing, which he did. Booker was then shown the May 13, 1963 writing and admitted that it had been written by him. That paper and the March 4, 1965 writing were admitted into evidence at the trial without objection; and it was stipulated to and testified to by the appellant that he had made both of the writings.

No objection was made either before or during the trial which could be said to have raised the question of whether the delay between the sale of narcotics and the appellant's arrest denied him due process of law. Under the decisions of this court in D'Ercole v. United States, 361 F.2d 211 (2d Cir., May 19, 1966) and United States v. Torres, 343 F.2d 750, 752 (2d Cir., 1965), the lack of timely objection precludes our consideration of the claim. This is particularly true where, as here, defense counsel's awareness of this issue was manifested by his claim at the trial that the delay supported a reasonable doubt as to whether or not the sale of narcotics ever took place.

We do not decide the merits of the question of whether the handwriting sample was admissible as evidence under the Fifth Amendment. That question, which is now before the Supreme Court in Gilbert v. California, 384 U.S. 985, 86 S.Ct. 1902, 16 L.Ed.2d 1003 (June 13, 1966), is not properly before this court since the defense, far short of objecting to its admission, expressly stipulated that Booker had written the

handwriting samples of both May 13, 1963 and March 4, 1965. See United States v. Indiviglio, 352 F.2d 276, 279–280 (2d Cir., 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

The judgment of conviction is affirmed.