UNITED STATES of America,
Appellee,

v.

Lynwood JACKSON, Appellant.

No. 183, Docket 29757.

United States Court of Appeals
Second Circuit.

Argued Nov. 16, 1966.

Decided Nov. 30, 1966.

Michael W. Leisure, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, and Hugh C. Humphreys, Asst. U. S. Atty., New York City, on the brief), for appellee.

Nathaniel J. Bickford, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, and MEDINA and KAUFMAN, Circuit Judges.

PER CURIAM:

The only claim of error requiring consideration in Lynwood Jackson's appeal from his conviction and five-year sentence for selling heroin in violation of 21 U.S.C. §§ 173 and 174, after a trial in February 1965 before Judge Cooper sitting without a jury, has to do with the introduction in evidence of a Q & A statement taken from Jackson in the United States Attorneys Office after his arrest and just before his arraignment before the Commissioner. We find no error and affirm the judgment.

The record shows that it was the strategy of the defense to challenge the credibility of the government agent, Krueger, apparently by attempting to show that he had suggested to the defendant that he should implicate his co-defendant and make certain other admissions on the promise that he would be released on his own recognizance if he did so.

On agent Krueger's re-cross examination, the defense introduced in evidence Krueger's memorandum report which contained the substance of Jackson's earlier confession.

Jackson himself took the stand and denied the sale of heroin but stated that after his arrest he had agreed to become an informant. He testified that Krueger then told him that in order to be released on his own recognizance he would have to admit involvement in the sale of heroin by one Jesse Atkinson. On cross-examination Jackson was confronted with questions put to him by an Assistant United States Attorney prior to his arraignment, and the answers he had given. He admitted that they were his answers, but he denied their truth. Included in his answers was a statement that he understood that he had a right to remain silent. The defense made no objection to any of this testimony.

Thereafter on rebuttal the government offered the entire stenographic transcript of the Q & A statement. Counsel then objected on the grounds that "these statements were not taken from the defendant voluntarily or with aid of counsel." Counsel's claim that the statements were involuntary was based on the argument that the statements were made only because of the alleged government promise that defendant would be allowed out on bail. Judge Cooper quite properly overruled the objection.

Having raised the issue that the government agents had induced the confession by some promise and having failed to make any earlier objection to the government's bringing out the principal admissions made by Jackson in the Q & A statement, it was too late for the defense to keep out the statement for the reasons then urged, see United States v. Rivera, 346 F.2d 942, 943 (2 Cir. 1965) (per curiam). Cf., Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954). At that point the statement itself was merely cumulative and there was no abuse of discretion in receiving it. United States v. Payton, 363 F.2d 996, 998 (2 Cir. 1966).

We need not consider the claim that the statement was taken in violation of Rule 5(a), Federal Rules of Criminal Procedure, because Jackson was not promptly arraigned. This objection was not made at trial and may not be raised for the first time on Appeal. United States v. Payton, supra; United States v. Indiviglio, 352 F.2d 276 (2 Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966), and cases cited therein, 352 F.2d at 279–80.

The conviction is affirmed.