**UNITED STATES of America, Appellee,**

**v.**

**Paul Clarence MOORE, Appellant.**

**No. 361, Docket 31051.**

United States Court of Appeals Second Circuit.

Submitted Feb. 10, 1967.

Decided Feb. 27, 1967.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, N. Y., John H. Adams, and Richard A. Givens, Asst. U. S. Attys., on the brief, for appellee.

Joseph I. Stone, New York City, and Stone & Diller, New York City, on the brief, for appellant.

Before LUMBARD, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

There was ample corroboration by two other agents of the testimony of Agent Scott that the defendant Moore sold him heroin on March 18, 1964 in the vicinity of 145th Street and Edgecombe Avenue. As the defendant never asked at trial for the production of the informer he will not be heard to complain on appeal that it was error for the government not to call him, e.g., D'Ercole v. United States, 361 F.2d 211 (2 Cir. 1966).

This would dispose of the appeal were it not that we feel some comment is appropriate with regard to appellant's groundless claim of denial of due process because 26 months elapsed after the transaction of March 18, 1964 before his arrest and his indictment on May 26, 1966. See, e.g., United States v. Beigel, 370 F.2d 751 (2 Cir. Jan. 9, 1967); United States v. Smalls, 363 F.2d 417, 419 (2 Cir. 1966); United States v. Booker, 363 F.2d 856 (2 Cir. 1966); United States v. Sanchez, 361 F.2d 824, 825 (2 Cir. 1966); United States v. Dickerson, 347 F.2d 783 (2 Cir. 1965).

The defendant made no complaint of this delay either before the trial or during the trial for the obvious reason that the evidence showed that there were good reasons for the delay in apprehending Moore. The agents testified that they

made numerous unsuccessful attempts to find him, and defendant's own Exhibit D, a copy of his FBI report, shows that during the 26 month interval Moore was arrested on five occasions and spent some time in jail in other jurisdictions.

Although it is abundantly clear that the agents could not find Moore to arrest him for over two years, we think the government would be well advised in such situations, where no countervailing considerations exist, to present the case to a grand jury at an early date after the occurrences so that the witnesses may testify under oath while memories are more fresh and less question may arise regarding the elapse of time before bringing a formal charge.

Conviction affirmed.