**William CHAPMAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 416, Docket 31149.**

United States Court of Appeals Second Circuit.

Argued April 17, 1967.

Decided April 21, 1967.

---

Jay Goldberg, Hallisey, Goldberg & Hammer, New York City, for appellant.

Paul B. Galvani, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Andrew M. Lawler, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, KAUFMAN and FEINBERG, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

The sole issue presented on this appeal is whether the appellant Chapman may collaterally attack his conviction for illegal sale of narcotics on the ground that he was prejudiced in his defense by reason of a 14-month delay between the time of the alleged offense and the time of his arrest.

Chapman was tried and convicted by a jury in January 1962 of selling 29 grams of illegally imported heroin in violation of 21 U.S.C. §§ 173 and 174. On appeal, this Court remanded the case to the District Court to determine whether certain reports made by Federal Narcotics Agents should have been furnished to the defense at the trial. 318 F.2d 912 (1963). After a hearing, the District Court ordered a new trial.

At his second trial, Chapman was again convicted of the same offense and sentenced to a term of 5 years to commence upon the termination of an unrelated New York State sentence he was then serving.[1] This conviction was affirmed by this Court from the bench and certiorari was denied. 379 U.S. 924, 85 S.Ct. 281, 13 L.Ed.2d 337 (1964).

Subsequently, Chapman's motion for a new trial on the ground of newly discovered evidence was denied in the District Court. We denied leave to appeal *in forma pauperis* and refused assignment of counsel. Thereafter, appellant sought to vacate the judgment, pursuant to 28 U.S.C. § 2255, alleging that the government had knowingly used per-

---

1. Appellant began serving his federal sentence on December 13, 1966.

jured testimony. This application was also denied.

Finally, more than 3 years after his second conviction, Chapman claimed for the first time that he was denied a fair trial by virtue of the 14-month delay that transpired between his alleged sale of narcotics on August 1, 1960, and his arrest on September 27, 1961.[2] This application, pursuant to 28 U.S.C. § 2255, for an order vacating his conviction was denied, and it is from that denial that Chapman now appeals.

▆▆▆ We note, initially, that there is no constitutional right to be arrested. Hoffa v. United States, 385 U.S. 293, 310, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). Nevertheless, there may be an occasion when a pre-arrest delay may deprive a defendant of a constitutional right if there is a "showing that the delay * * * was prejudicial or part of a deliberate, purposeful and oppressive design for delay." United States v. Rivera, 346 F.2d 942, 943 (2d Cir. 1965), quoting from United States v. Wilson, 342 F.2d 782, 783 (2d Cir.), cert. denied, 382 U.S. 860, 86 S.Ct. 119, 15 L.Ed.2d 98 (1965). But just as the Sixth Amendment right to a speedy trial must be asserted or it will be deemed waived, see United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir. 1966), United States v. Lustman, 258 F.2d 475 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958), so too is there an obligation "[o]nce a defendant has been arrested and charged * * * to give prompt notice of prejudice claimed as the result of pre-arrest delay; certainly the outside [time] limit for such a claim is at trial, if not sooner." United States v. Sanchez, 361 F.2d 824, 825 (2d Cir. 1966). We have held that pre-arrest delay may not be raised for the first time on appeal, see United States v. Beigel, 370 F.2d 751 (2d Cir. 1967) (issue must be raised be-

fore all the parties rest at trial), United States v. Bennett, 364 F.2d 499 (2d Cir. 1966), United States v. Booker, 363 F.2d 856 (2d Cir. 1966), United States v. Smalls, 363 F.2d 417 (2d Cir. 1966), cert. denied, 385 U.S. 1027, 87 S.Ct. 755, 17 L.Ed.2d 675 (1967), and *a fortiori* it may not be raised for the first time by collateral attack, see D'Ercole v. United States, 361 F.2d 211 (2d Cir. 1966), cert. denied, 385 U.S. 995, 87 S.Ct. 610, 17 L.Ed.2d 454 (1966).

The rationale for this rule is clear. If undue delay has occurred in the arrest of a defendant, he is obviously aware of this at the time of his trial. Indeed, in practice, indictments, informations or complaints set forth the date of the alleged offense, and the defendant, of course, knows when he was arrested. If the pre-arrest delay has prejudiced the accused in his defense, this fact too will be evident to him by the time the trial commences. Therefore, he is in the most favorable position by that time to appraise the injury resulting to him from the delay, and it is then that he should make known to the Court his claim of prejudice. This requirement, moreover, serves to place the government in a better position to counter the claim of prejudice by being afforded the opportunity at a voir dire examination promptly to show the absence thereof, or to explain the reasons for the delay, something it may be foreclosed from doing later. As we have stated, "If proper objections had been made at trial, the government might well have been able to offer evidence to the contrary." United States v. Ladson, 294 F.2d 535, 539 (2d Cir. 1961), cert. denied, 369 U.S. 824, 82 S.Ct. 840, 7 L.Ed. 2d 789 (1962); cf. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).[3]

---

2. It should be noted that appellant contends that this delay raises a 5th Amendment question of due process, rather than a 6th Amendment issue of speedy trial. See Ross v. United States, 121 U.S.App. D.C. 233, 349 F.2d 210 (1965).

3. We note also that the delay in arresting Chapman does not appear to have been part of a "deliberate, purposeful and oppressive design." The memorandum report of the Federal Narcotics Agent who had observed appellant's sale of heroin

At his second trial in 1963, Chapman and his counsel were well aware that 14 months had elapsed between the time of his alleged sale of narcotics and the date of his arrest, and any resulting prejudice was evident at that time.[4] The appellant's collateral attack in the context of this case is untimely.[5]

Affirmed.

(Exh. G), discloses that the special employee who had initiated the case was himself in jail, and therefore it was difficult for undercover agents to again set up a meeting with appellant. A later report (Exh. F) discloses that efforts were being made to develop another special employee in the hope of introducing an undercover agent to Chapman for the purpose of getting further evidence against him. But, the report stated, "if such attempts to further this investigation are futile, we will arrest the defendant and prosecute with the one exhibit."

4. Appellant's mother and sister stated in affidavits that although they attended his trial on September 3, 1963, they did not testify because they were unable to remember what had occurred on the day of the alleged sale. But they also stated that when they were questioned shortly after Chapman's arrest, they were unable even at that time to recall what had occurred. It is apparent, therefore, that at some time before the trial Chapman must have recognized that these 2 witnesses would not be able to recall the events because of the time that had elapsed between the alleged offense and the date of arrest.

5. There is no merit to appellant's argument that he should now be allowed to raise the issue of pre-arrest delay because at the time of his trial no court had stated that such delay may be grounds for dismissing an indictment. See D'Ercole v. United States, supra.