UNITED STATES of America,
Appellee,

v.

William Daniel ROBERTS, Jr.,
Defendant-Appellant.

No. 341, Docket 32729.

United States Court of Appeals
Second Circuit.

Argued Jan. 20, 1969.

Decided March 19, 1969.

See also, D.C., 264 F.Supp. 622.

Before SMITH and HAYS, Circuit Judges, and HENDERSON, District Judge.*

Roger J. Hawke, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., and Charles P. Sifton, Asst. U. S. Atty., on the brief), for appellee.

Alex V. Myslicki, Jr., Staten Island, N. Y., for defendant-appellant.

PER CURIAM:

William Daniel Roberts, Jr., was convicted, after trial by a jury in the United States District Court for the Southern District of New York, Edward Weinfeld, Judge, of bribery and unlawful receipt of gratuity in connection with official acts performed by him in the enlistment of applicants into the United States Army Reserve Program, in violation of 18 U.S.C. § 201(c) and (g), and he appeals. We find no error and affirm the judgment.

Appellant maintains that his conviction was not supported by substantial evidence. Since appellant was sentenced to two concurrent terms of six months' imprisonment, the judgment of conviction must be affirmed if there was a valid conviction on either count. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); United States v. Marino, 396 F.2d 780 (2 Cir. 1968). See, however, Benton v. Maryland, 393

* Chief Judge of the Western District of New York, sitting by designation.

U.S. 994, 89 S.Ct. 481, 21 L.Ed.2d 460, reargument calendared March 24, 1969.

 In any case, the evidence justified findings that both counts were established beyond a reasonable doubt. The evidence of the delivery of liquor by one Jankowitz with Roberts' direction to "put it in a locker," and the delivery of cash by Nenner to the desk drawer pointedly left open by Roberts, was sufficient to establish his receipt of these items of value. The testimony by Jankowitz and Nenner supported, under all the circumstances, the requisite inference as to intent, i. e. that Roberts received the items of value for an official act to be performed by him, and in return for being influenced in his performance of an official act in violation of 18 U.S.C. § 201(c) and (g). These conclusions are strengthened by the testimony of similar prior crimes committed by Roberts, provided by government witnesses Hutt and Stoller. United States v. Deaton, 381 F.2d 114, 117 (2 Cir. 1967). The verdict of the jury must be sustained. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1941).

 The indictment followed the language of the statute creating the offense and was sufficient. Fed.R.Crim.Proc. 7 (c); United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953). The names of the donors of the bribes and defendant's accusers were furnished by bill of particulars several months prior to trial, and it was not necessary to include them in the indictment. See Young v. United States, 109 U.S.App. D.C. 414, 288 F.2d 398 (D.C.Cir.1961); Bush v. United States, 338 F.2d 400 (9 Cir. 1964).

 Appellant has not shown that the pre-indictment delay was so unreasonable as to deny his right to a speedy trial, United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); nor has he indicated that he was prejudiced substantially, e. g. by loss of specific evidence or witnesses, *Ewell, supra*; nor that there was a deliberate and oppressive design for delay, Chapman v. United States, 376 F.2d 705 (2 Cir.), cert. denied 389 U.S. 881, 88 S.Ct. 119, 19 L.Ed. 2d 174 (1967). Appellant's objection to post-indictment, pre-trial delay fails because of his inaction and acquiescence in failing to assert his desire for a speedy trial. United States v. Lustman, 258 F. 2d 475 (2 Cir.), cert. denied 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958); United States v. Maxwell, 383 F.2d 437 (2 Cir. 1967), cert. denied Aiken v. United States, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1968).

The judgment of conviction is affirmed.