**UNITED STATES of America**

v.

**Thomas F. QUINN, Charles R. Parma, David Gennaro, et al., Defendants.**

**No. 68 Cr. 471.**

United States District Court.
S. D. New York.

June 18, 1970.

———◆———

Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, New York City, for U. S., Daniel J. Sullivan, Asst. U. S. Atty., of counsel.

Edmund Allen Rosner, New York City, for Thomas F. Quinn.

Robert Hill Schwartz, Brooklyn, N. Y., for Charles R. Parma.

Robert Kasanof, New York City, for David Gennaro.

OPINION

EDWARD WEINFELD, District Judge.

The defendant Quinn's motion to dismiss the indictment for alleged infringe-

ment of his right to a speedy trial based upon pre-indictment delay was not made until more than two years after the return of the indictment, and then only after a firm date had been set (in February, 1970) for trial to commence on May 4, 1970. Although the government was then ready to proceed, as were all defendants other than Quinn, the trial was aborted because of the latter's hospitalization the previous day. The case was continued to ascertain whether his physical condition would permit the trial to go forward soon thereafter. It was during this period that Quinn, joined by two other defendants, made this motion.

■■ Entirely apart from the failure of the defendants to move promptly and expeditiously for the requested relief, which by itself may constitute a waiver,[1] there is no showing that the delay in the return of the indictment was part of any deliberate plan or design intended to prejudice the defendants or was in fact prejudicial to them.[2] The nature of the alleged activities (centering about Kent Industries, Inc. stock) necessarily involved extensive investigation by the authorities charged with responsibility in the event criminal prosecution were warranted. SEC offenses of the type here charged are not readily exposed and ofttimes long and intensive ferreting out of details is required before the authorities are in a position to

reach an informed judgment as to whether there is probable cause for prosecution.[3] While it is true that various proceedings were initiated against the defendant Quinn and others by the SEC, commencing in June, 1963, it was not until January, 1966 that the hearing examiner rendered his initial decision, finding that Quinn and others had engaged in fraudulent practices in the sale and distribution of Kent Industries stock. However, the SEC filed no criminal reference report. The criminal investigation in regard to Kent was commenced independently by the United States Attorney in the spring of 1966, continued thereafter and the indictment returned on May 28, 1968. In sum, although the criminal proceedings might have moved more expeditiously if there had been greater communication and coordination between the SEC and the Justice Department, there is no indication that any delay in initiating this prosecution was purposeful.

The defendant Quinn asserts that the pre-indictment delay has deprived him of the testimony of three individuals, one of whom died in July, 1966, and the other two in 1967. Despite the fact that two were named as co-conspirators, he asserts that all three would have offered exculpatory evidence upon a trial. Other than Quinn's bare assertion, no evidential matter supports the claim. To

1. See United States v. Scully, 415 F.2d 680, 682 (2d Cir. 1969) ; United States v. Beigel, 370 F.2d 751, 757 (2d Cir.), cert. denied, 387 U.S. 930, 87 S.Ct. 2049, 18 L.Ed.2d 989 (1967) ; United States v. Bennett, 364 F.2d 499 (2d Cir. 1966) (per curiam), cert. denied, 386 U.S. 917, 87 S.Ct. 876, 17 L.Ed.2d 789 (1967) ; United States v. Smalls, 363 F.2d 417, 419 (2d Cir. 1966), cert. denied, 385 U.S. 1027, 87 S.Ct. 755, 17 L.Ed.2d 675 (1967) ; United States v. Sanchez, 361 F. 2d 824 (2d Cir. 1966) (per curiam) ; D'Ercole v. United States, 361 F.2d 211 (2d Cir.) (per curiam), cert. denied, 385 U.S. 995, 87 S.Ct. 610, 17 L.Ed.2d 454 (1966). See also Chapman v. United States, 376 F.2d 705 (2d Cir.), cert. denied, 389 U.S. 881, 88 S.Ct. 119, 19 L.Ed. 2d 174 (1967).

2. See United States v. Scully, 415 F.2d 680, 683 (2d Cir. 1969) ; United States v. Capaldo, 402 F.2d 821, 823 (2d Cir. 1968), cert. denied, 394 U.S. 989, 89 S.Ct. 1476, 22 L.Ed.2d 764 (1969) ; United States v. Roberts, 408 F.2d 360, 361 (2d Cir. 1969) (per curiam) ; United States v. Feinberg, 383 F.2d 60, 64–67 (2d Cir. 1967), cert. denied, 389 U.S. 1044, 88 S. Ct. 788, 19 L.Ed.2d 836 (1968) ; Chapman v. United States, 376 F.2d 705, 707 (2d Cir.), cert. denied, 389 U.S. 881, 88 S.Ct. 119, 19 L.Ed.2d 174 (1967) ; United States v. Beigel, 370 F.2d 751, 756 (2d Cir.), cert. denied, 387 U.S. 930, 87 S.Ct. 2049 (1967) ; United States v. Rivera, 346 F.2d 942, 943 (2d Cir. 1965) (per curiam).

3. United States v. Parrott, 425 F.2d 972 (2d Cir., 1970).

the contrary, it appears that one, in the course of an official inquiry into Kent transactions, invoked his constitutional privilege against self-incrimination and another, in a civil proceeding, denied under oath having had any conversation with anyone about the stock. Moreover, even under the defendant's version, the alleged representations and assurances made to him by the deceased witnesses in regard to Kent Industries, Inc. were accompanied by or related to public reports, financial statements, balance sheets and other documentary material which should still be available for use by the defendants upon the trial in the event the government does not introduce them. So, too, as to most instances cited by the defendant, other persons still alive (an executive of an insurance company, a specialist in the stock, and attorneys who issued opinion letters, among others) were present and have knowledge of the same alleged exculpatory matter. It does not appear that if the defendants really want their testimony, these other individuals are not available.

Quinn also advances a generalized claim that his memory has faded as to significant events. However, the Kent transactions have been the subject of civil proceedings before the SEC and New York State regulatory authorities, as well as a private federal court action, during most of the pre-indictment period. Quinn testified in the SEC proceedings as to various matters, many of which relate to the subject matter of this indictment. As a result, not only are the events likely to have remained clearly in defendant's mind, but records have been made and preserved which are available if his memory as to events has in fact been blurred.

The other movants who joined in Quinn's motion by the mere service of a notice of motion without any supporting affidavits have now submitted affidavits which add little to Quinn's claim. They abound in vague generalities and are devoid of proof establishing any prejudice or undue delay.[4]

The indictment having been brought within the statutory limitation period, which is "usually considered the primary guarantee against bringing overly stale criminal charges,"[5] and no convincing showing of prejudice or purposeful delay having been made, the motions made by the respective defendants are denied, but without prejudice to renewal upon the trial.[6]

---

4. *See* United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966).

5. United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 777 (1966) ; *see* United States v. Scully, 415 F.2d 680, 683 (2d Cir. 1969).

6. *Cf.* United States v. Algranati, 239 F. Supp. 116 (S.D.N.Y.1965).