**Wilfredo TORRIENTE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 74 Civ. 1138–LFM.**

United States District Court,
S. D. New York.

July 18, 1974.

tioner"), to vacate concurrent eight-year prison sentences imposed upon him by this court on May 23, 1973 upon his conviction for conspiracy to violate the narcotics laws and distribution of cocaine[1] following a one-day jury trial. Petitioner's conviction was affirmed in open court by the Court of Appeals on August 17, 1973. 481 F.2d 1397 (2d Cir. 1973).

Petitioner's motion is grounded on two principal theories. First, he claims that incriminating post-arrest statements, which he made to the Assistant United States Attorney, were improperly received in evidence at trial. Second, he claims that a delay of more than seven months between the time of the narcotics transaction and his arrest made it impossible for him to obtain evidence necessary to defend himself adequately. In all, petitioner alleges violations of the Fourth, Fifth, Sixth and Ninth Amendments.

It appears from the files and records of this court that petitioner's first claim is entirely without merit. The evidence at trial indicates that petitioner's interview with the Assistant United States Attorney lasted approximately thirty minutes, not three hours, as petitioner contends. Furthermore, at the commencement of this interview, petitioner was advised of his constitutional rights in accordance with the mandate of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The record does not support petitioner's contention that his statement was involuntary.

We also note that petitioner surely knew that he had made the statement. Indeed, petitioner's counsel was furnished with a copy of the statement prior to trial. Yet, petitioner made no pre-trial motion to suppress it, nor did he object to its receipt in evidence during trial.[2] Moreover, on appeal from his conviction, petitioner did not challenge the admissibility of his statement. Thus, this issue is raised here for the

---

Wilfredo Torriente, pro se.

Paul J. Curran, U. S. Atty. S. D. N. Y., for respondent; Eugene F. Bannigan, Asst. U. S. Atty., of counsel.

## OPINION

MacMAHON, District Judge.

This is a motion, pursuant to 28 U.S. C. § 2255, by Wilfredo Torriente ("peti-

---

1. Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A) and 846.

2. Transcript, p. 65.

first time despite three previous opportunities.

Applying the principle enunciated in Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court, in Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), opined:

"[T]he § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal —e. g., motion to suppress under Fed.Rule Crim.Proc. 41(e) or appeal under Fed.Rule App.Proc. 4(b)." 394 U.S. at 227 n. 8, 89 S.Ct. at 1025, 22 L.Ed.2d 227.

It is clear that this is such a case.

■ Since the government has carried its burden of pleading deliberate bypassing, the burden is now shifted to petitioner "[who] must at least come forward with some averment which would permit a finding upon a hearing that he had not deliberately by-passed his right to appellate review." [3] Nowhere in his papers does petitioner so much as attempt to refute the government's allegations of deliberate bypassing, and the record clearly indicates that petitioner did not avail himself of three opportunities to raise his contention. We must conclude, therefore, that petitioner deliberately bypassed the appropriate procedures. We feel, therefore, that this is an appropriate case to exercise our discretion to deny him relief, especially since no special circumstances have been demonstrated.[4]

■ Petitioner's second contention is that he was prejudiced by a delay of more than seven months between the narcotics transaction and his arrest. We find this argument equally unavailing.

In United States v. Rivera, 346 F.2d 942 (2d Cir. 1965), there was a delay of eleven months between transaction and the arrest in a narcotics case. In United States v. Wilson, 342 F.2d 782 (2d Cir.), cert. denied, 382 U.S. 860, 86 S.Ct. 119, 15 L.Ed.2d 98 (1965), the delay exceeded one year. In each case, the delay was held to be reasonable since there was no "showing that the delay . . . was prejudicial or part of a deliberate, purposeful and oppressive design for delay." 342 F.2d at 783; 346 F.2d at 943.

Although petitioner contends that the seven-month delay made it impossible for him to obtain exculpatory evidence, he does not support his argument with fact. He makes no more than vague, conclusory allegations that the delay was prejudicial. Moreover, he has not shown that the delay was "part of a deliberate, purposeful and oppressive design for delay." We find, therefore, that the delay was neither prejudicial nor unreasonable.

■ Finally, petitioner's claim of prejudice through delay was considered and rejected on three prior occasions: a pre-trial motion to dismiss the indictment;[5] a renewal of that motion during the trial;[6] and on appeal from petitioner's conviction.[7] Section 2255 cannot be "employed to relitigate questions which were raised and considered on the appeal." [8]

Accordingly, petitioner's motion is denied in all respects. This court will not

---

3. Mirra v. United States, 255 F.Supp. 570, 573 (S.D.N.Y.1966), aff'd 379 F.2d 782 (2d Cir.), cert. denied, 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667 (1967).

4. See Henry v. Mississippi, 379 U.S 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Grieco v. United States, 435 F.2d 677 (7th Cir. 1970), cert. denied, 401 U.S. 1009, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1971); cf. Thornton v. United States, 125 U.S.App.D.C. 114, 368 F.2d 822 (1968); Hodges v. United States, 108 U.S. App.D.C. 375, 282 F.2d 858 (1960), cert.

dismissed, 368 U.S. 139, 82 S.Ct. 235, 7 L. Ed.2d 184 (1961); United States v. DeFillo, 182 F.Supp. 782 (S.D.N.Y.1959), aff'd on opinion below, 277 F.2d 162 (2d Cir. 1960).

5. See memorandum endorsement of March 16, 1973 in 73 Cr. 148.

6. Transcript, pp. 82, 107.

7. See Point III of appellant's brief.

8. Castellana v. United States, 378 F.2d 231, 233 (2d Cir. 1967). See Levine v. United

authorize an appeal in forma pauperis under 28 U.S.C. § 1915(a), and under the cited section certifies herewith that any appeal is not taken in good faith. In this context, good faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith.[9]

So ordered.

States, 430 F.2d 641 (7th Cir. 1970), cert. denied, 401 U.S. 949, 91 S.Ct. 962, 28 L.Ed. 2d 232 (1971); United States v. Marchese, 341 F.2d 782 (9th Cir.), cert. denied, 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965).

9. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); United States v. Visconti, 261 F.2d 215 (2d Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762 (1959).