Rafael A. BARREZUETA,
Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 74 C 3328.

United States District Court,
N. D. Illinois, E. D.

Sept. 30, 1975.

Rafael A. Barrezueta, pro se.

Samuel Skinner, U. S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM DECISION

MARSHALL, District Judge.

By his *pro se* petition brought pursuant to 28 U.S.C. § 2255, petitioner, Rafael A. Barrezueta, attacks collaterally his 1973 conviction of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Petitioner was tried by a jury, Honorable William J. Bauer presiding, and upon his conviction, he was sentenced to four years in custody. He appealed, raising only one issue: allegedly prejudicial remarks made by the prosecutor during the rebuttal portion of his closing argument. His conviction was affirmed in an unpublished memorandum order, the Court of Appeals holding that the prosecutor's remarks were fair response to the closing argument made by petitioner's counsel. *United States v. Barrezueta* (7th Cir. No. 73–1597, Jan. 14, 1974).

The Government has moved to dismiss the petition. Because a review of the records and files in the case show conclusively that petitioner is not entitled to relief, the motion will be granted.

■ Petitioner makes several contentions which he asserts should result in the vacation of the judgment of conviction. A review of the record discloses that all of these contentions could have been raised on petitioner's direct appeal. They were not. As a consequence, the Government urges waiver by petitioner. Each of petitioner's contentions will be briefly considered. But we are not unmindful of the fact that despite an ever expanding scope of inquiry under 28 U. S.C. § 2255, a post-conviction petition such as is presented here, cannot be utilized as a substitute for direct review. *See* the exhaustive treatment of the expanding scope of § 2255 proceedings in *Houser et al. v. United States of America,* 508 F.2d 509 (8th Cir. 1974).

I. Petitioner first complains that he did not receive a full transcript of his preliminary hearing because the device used to record it became inoperative. He also complains that a full transcript of trial on the merits has not been made available, *i. e.,* there is no transcript of the voir dire examination of the jury, opening statements by counsel or the return of the verdict. Both shortcomings are alleged to violate 28 U.S.C. § 753 which regulates and prescribes the duties of court reporters in federal courts.

■ The court reporter who prepared the transcript of the preliminary hearing certified "that due to a malfunction in the recording apparatus used by [the] United States District Court, all the testimony was not recorded and that all testimony recorded ends at the place indicated in the [certified] transcript, and that all subsequent testimony was not recorded, due to said malfunction." But petitioner's complaint in this regard has three short answers. First, the mandate of 28 U.S.C. § 753 does not apply to preliminary hearings. Second, the transcript of petitioner's trial reveals that petitioner's lawyer effectively used that portion of the preliminary hearing transcript which was made available and did not complain about his inability to represent petitioner because of the malfunction. Third, no complaint was made to either the trial court or the court of appeals in respect to the ab-

sence of the transcript occasioned by the malfunction.

■ Insofar as petitioner's complaint is addressed to the absence of a transcribed record of proceedings at trial, resolution is equally simple. The records and files show that the trial was held in open court. No complaint is made here in respect to the conduct of the voir dire examination of the jury or opening statements. None was made on appeal. In respect to the return of the verdict, the docket shows that a sealed verdict was returned the evening of the day that the case went to the jury and that it was opened in open court, accepted by the court, filed of record and judgment entered thereon. Again, no complaint in this regard was made on appeal.

In all of the circumstances, we conclude that petitioner waived any complaint that he now presents and that, in any event, no prejudice has been shown in respect to the reporting of either the preliminary hearing or the trial.

■ II. Petitioner next complains that the narcotics agents responsible for his arrest and ultimate prosecution failed to ascertain that "the informer" with whom the agents dealt had no narcotics on his person prior to the alleged transaction with petitioner. We observe in the first place that the informer was a co-defendant who pleaded guilty when the case was called for trial. Secondly, the entire transaction between petitioner and his co-defendant was conducted under the surveillance of narcotics agents. Petitioner's complaint, to the degree that it has any substance, goes to the sufficiency of the evidence to convict. The circumstances of the entire transaction supported the jury's verdict. Again, petitioner made no complaint with respect to the sufficiency of the proof on appeal.

■ III. Petitioner next complains that the delay of 56 days between the transaction between him and his co-defendant and his arrest prevented him from presenting an adequate defense.

But his own argument refutes the allegation that he was prejudiced by the lapse of time. The transcript of the trial reveals that petitioner testified in detail concerning the events of the day in question. He suffered no lapse of memory with respect to his behavior on the day in question. Furthermore, he was obliged to give prompt notice of any prejudice allegedly resulting from the pre-arrest delay no later than at trial. *Chapman v. United States,* 376 F.2d 705, 707 (2d Cir. 1967), *cert. denied,* 389 U. S. 881, 88 S.Ct. 119, 19 L.Ed.2d 174 (1967). The Sixth Amendment right to a speedy trial cannot be violated by preindictment delay; petitioner has failed to demonstrate any due process violation of his right to a fair trial under the Fifth Amendment occasioned by the 56-day delay because he has failed to show any prejudice or purposeful delay by the Government. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Ricketson,* 498 F.2d 367 (7th Cir. 1974).

■■ IV. Next petitioner contends that the testimony of a narcotics agent which included declarations made by petitioner's co-defendant was inadmissible hearsay. Again, no complaint in this respect was made on appeal. A review of the transcript of the trial reveals that it was the prosecutor's theory that petitioner and his co-defendant were engaged in a joint venture which rendered the declarations of the co-defendant admissible against petitioner as his vicarious admissions. The circumstances of the transaction were sufficient to support that theory of admissibility. Furthermore, a review of an evidence ruling which enjoys the degree of acceptability as that granted to the doctrine of vicarious admissions, cannot be by-passed on appeal and raised for the first time on collateral attack.

V. Finally, by way of a supplemental petition filed on March 11, 1975, which was treated as an amendment to the pending petition, petitioner complains that the trial judge imposed an illegal

sentence in sentencing petitioner to four years in custody without any reference to the special mandatory three-year parole term to be imposed in addition to any period of confinement as prescribed by 21 U.S.C. § 841(a)(1).

The draft judgment order signed by Judge Bauer does not make any reference to the mandatory special parole provision.

The transcript of proceedings at the time of sentencing reveals in material part that the court stated, "It will .be the judgment of the court, that the defendant be sentenced to serve a term of four years in the custody of the Attorney General." The prosecutor stated, "In addition, your Honor, there is a special parole term of 3 years." The court responded, "It is unnecessary for me to tell him about that, unless he is pleading guilty. He is going to find out about the special parole term when they release him from the penitentiary. That is their problem, not mine."

■ Assuming, without deciding, that the special parole provision should have been a part of the sentence pronounced orally by the court and incorporated in the written judgment order, petitioner cannot be heard to complain. He has not been harmed by the omission because the special parole term of three years runs consecutively to the period of confinement. Whether upon release from the penitentiary petitioner can be subjected to the special parole provision on the ground that it is, in light of the mandatory language of the statute, an essential and implied portion of any sentence need not be decided in these proceedings. Suffice it here to hold that petitioner has failed to show that any prejudice has enured to him as a consequence of the omission of which he complains.

The motion of the Government to dismiss will be granted. Judgment will enter dismissing the petition.